T.C. Memo. 2008-115


UNITED STATES TAX COURT


WALTER OLIVER MELVIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21192-06.                    Filed April 28, 2008.


Walter Oliver Melvin, pro se.

Lynn M. Curry, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  Respondent determined a deficiency of $1,500 in petitioner's 2003 Federal income tax.  The issue for decision is whether petitioner is entitled to a $6,000 alimony deduction.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2003.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time of filing the petition, petitioner resided in Florida.

On September 30, 1969, petitioner was married to Barbara Ann Melvin (Barbara). Two children were born of this marriage.

During the marriage, petitioner was a practicing lawyer in North Carolina.

In a May 8, 1985, judgment of divorce issued by the General Court of Justice, Cumberland County, North Carolina, petitioner and Barbara were divorced, and among other things petitioner was ordered under N.C. Gen. Stat. Ann. sec. 50-16.3 (repealed 1995) to pay Barbara $500 a month, or a total of $6,000 a year, in "permanent alimony." Petitioner also was ordered to pay Barbara other funds and to transfer to Barbara certain real and personal property of the marriage. Consequently, petitioner transferred significant property and funds to Barbara but none in 2003.

On his 2003 Federal income tax return, petitioner claimed a $6,000 deduction under section 215 for alimony paid to Barbara.

OPINION

Under section 71(b)(1) the term alimony is defined as, among other things, a "payment in cash".

Section 215(a) provides that alimony deductions are allowed for payments "paid during * * * [a taxpayer's] taxable year." The regulations under section 215 provide that alimony deductions are allowed for payments "actually paid by the taxpayer during his taxable year". Sec. 1.215-1(a), Income Tax Regs.

Petitioner acknowledges that he did not pay Barbara any alimony in 2003. Petitioner, however, claims that the significant funds and property that he transferred to Barbara in 1985 included "advance" alimony payments of $6,000 for each subsequent year, including a $6,000 advance payment of alimony for 2003. Petitioner's claimed $6,000 alimony deduction for 2003 is based on this alleged 1985 "advance" payment.

Coleman v. Commissioner, T.C. Memo. 1988-442, is an analogous case. Therein, a divorced wife sought to allocate alimony arrearages received in 1984 to earlier years. We concluded that she was required to report all of the alimony received in 1984 in her 1984 income.

Petitioner refers us to Hawkins v. Commissioner, 86 F.3d 982 (10th Cir. 1996), revg. 102 T.C. 61 (1994), and Hoover v. Commissioner, 102 F.3d 842 (6th Cir. 1996), affg. T.C. Memo. 1995-183. Neither case is in point. Hawkins, involved the question of whether a marital settlement agreement incorporated into a divorce decree constituted a qualified domestic relations order. Hoover, involved the question of whether payments

terminated upon an ex-spouse's death so as to qualify as alimony. Neither case supports the $6,000 alimony deduction petitioner claims for 2003.

Petitioner is not entitled to the claimed $6,000 alimony deduction for 2003.

To reflect the foregoing,

Decision will be entered

for respondent.